IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00081-RJC-DSC

| | | |
|---|---|---|
| JEREMY CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | **OF REMAND** |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #13) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be granted; Defendant's Motion for Summary Judgment be denied; and the Commissioner's decision be reversed and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 19, 2020. He assigns error to the Administrative Law Judge's failure to resolve a conflict between the Vocational Expert's testimony and the

Dictionary of Occupational Titles ("DOT"). Plaintiff's Memorandum at 7-13 (document #14); Plaintiff's Reply at 1-5 (document #17).

In response to the ALJ's hypothetical question, the V.E. identified light exertional jobs as cafeteria attendant (DOT number 311.677-010), hand packager (DOT number 559.687-074) and machine tender (DOT number 583.685-046) that Plaintiff could perform. The ALJ did not ask the V.E. if her testimony was consistent with the DOT.

Relevant to the issues presented here, the ALJ formulated Plaintiff's Residual Functional Capacity[1] with a limitation to occasional overhead reaching. (Tr. 28).

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[2] as that term of art is defined for Social Security purposes. Plaintiff contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving an apparent conflict with the DOT. Plaintiff argues that there is an apparent conflict between the RFC limitation to occasional overhead lifting and the requirement

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

of frequent lifting of ten pounds for all three jobs identified by the V.E. The DOT is silent as to whether the lifting is any particular direction and the V.E. did not testify about overhead lifting. The ALJ failed to obtain an explanation from the V.E. about this apparent conflict.

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211. Accordingly, it was error for the ALJ to rely on the V.E.'s testimony in denying Plaintiff's claim. Pearson, 810 F.3d at 209; Radford, 734 F.3d at 296.

By recommending remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239

(1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #13) be **GRANTED**; Defendant's "Motion for Summary Judgment" (document #15) be **DENIED**; and the Commissioner's decision be **REVERSED** and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO ORDERED AND RECOMMENDED**.

Signed: April 19, 2021

David S. Cayer
United States Magistrate Judge